**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 19-1371

JODI SLAGEL,

    Plaintiff,

v.

GOLDEN BELL RETREAT d/b/a THE COLORADO DISTRICT CHURCH OF THE NAZARENE, d/b/a GOLDEN BELL RANCH,
CROSS BEARING ADVENTURES, LLC,
KENT FIELDEN MCLLHANY, an individual, and
JOHN DOE CORPORATIONS
1 THROUGH 10,

    Defendants.

_____

**COMPLAINT AND DEMAND FOR JURY TRIAL**

_____

COME NOW, Plaintiff Jodi Slagel, by and through her counsel, The Metier Law Firm, LLC, allege and complain as follows:

**PARTIES, JURISDICTION AND VENUE**

1. This is an action in diversity under 28 U.S.C. §1332 for personal injuries stemming from the failure of an activity course with damages in excess of Seventy-Five Thousand ($75,000) Dollars, exclusive of interest and costs.

2. Venue is proper in the United States District Court, District of Colorado, pursuant to 28 U.S.C. §1391(b)(3), and additionally for the reasons stated below.

3. At all material times, Plaintiff, Jodi Slagel, was and is a United States citizen and domiciled in the State of Illinois.

4. At all times material Defendant THE COLORADO DISTRICT CHURCH OF THE NAZARENE, d/b/a GOLDEN BELL RETREAT, d/b/a GOLDEN BELL RANCH (hereinafter GOLDEN BELL RANCH) was and is incorporated in the State of Colorado and maintaining its principal place of business in Thornton, Colorado.

5. At all times material Defendant CROSS BEARING ADVENTURES, LLC, was and is incorporated in the State of Colorado and maintaining its principal place of business in Colorado Springs, Colorado.

6. At all times material Defendant KENT FIELDEN MCLLHANY was and is a United States citizen and domiciled in the State of Colorado.

7. CROSS BEARING ADVENTURES, LLC and KENT FIELDEN MCLLHANY were at all times material engaged in the inspection, certification and installation of the canopy tour, ropes course and zipline and challenge course activity and the training of zipline personnel at GOLDEN BELL RANCH, including the subject course which failed causing severe injury to Plaintiff.

8. Upon information and belief, GOLDEN BELL RETREAT is conclusively presumed to be doing business in the State of Colorado.

9. Upon information and belief, CROSS BEARING ADVENTURES, LLC and KENT FIELDEN MCLLHANY is conclusively presumed to be doing business in the State of Colorado.

10. Upon information and belief, there may be unidentified corporations with ownership and control of the subject obstacle activity; said to be identified parties are named as JOHN DOE CORPORATIONS 1-10 until their identity can be discovered.

## JOINT VENTURE

11. Upon information and belief GOLDEN BELL RANCH, CROSS BEARING ADVENTURES, LLC and KENT FIELDEN MCLLHANY are parties to either an express or implied contract the subject of which is the construction, operation and maintenance of the subject obstacle activity.

12. Upon information and belief GOLDEN BELL RANCH, CROSS BEARING ADVENTURES, LLC and KENT FIELDEN MCLLHANY share in the profit and losses of the subject obstacle activity with MCLLHANY supplying labor, experience and skill.

## GENERAL ALLEGATIONS

13. Plaintiff incorporates all the preceding paragraphs as though re-stated and fully incorporated herein.

14. Plaintiff was injured on the final section of an elevated Course, (hereinafter "The Course").

15. The Course is a Class B Ride, as defined at:

https://www.colorado.gov/pacific/sites/default/files/Zipline%20Guidance_0.pdf

16. The Course was designed with **adults** as the primary intended user (as opposed to the primary intended user being Children).

17. Golden Bell Ranch marketed and advertised its Course to the public throughout 2018.

18. Golden Bell Ranch was opened to the public during June, 2018.

19. Golden Bell Ranch's elevated obstacle and zipline course (the Course) was opened to the public on the day Jodi Slagel was injured (June 29, 2018).

20. Golden Bell Ranch charged members of the public for the add-on activity of the Course.

21. Golden Bell Ranch is obligated to, and has a duty to, ensure that the Course was up to all ziplining course safety standards.

22. As a part of its obligation to ensure that the Course was 100% safe, Defendants were required to:

    a) Carefully select a builder who uses only proper industry standards for construction, including ACCHC standards;

    b) Register the Course with the Department of Oil and Public Safety of Colorado;

    c) Submit the Course for inspection to ensure safety

    d) Pass inspection, and then submit for additional yearly inspections;

    e) Maintain the Course so that it is safe and up to ACCHC standards.

23. All zipline installations must be constructed, maintained and repaired by the following standards: (a) in accordance with the ASTM Standards, the ACCT Standards and the manufacturer's recommendations, as applicable; (b) in accordance with all otherwise applicable federal, state and local safety, fire, health or building codes or standards; and (c) as certified by a Professional Engineer. The certifications must be available for review by the Director of Oil & Public Safety or his designee.

24. Defendants did not carefully select a builder for the Course.

25. The Course, as it existed when Ms. Slagel was injured, was not constructed, maintained, and repaired as required by the Department of Oil and Public Safety. *See* https://www.colorado.gov/pacific/sites/default/files/Zipline%20Guidance_0.pdf

26. Defendants did not submit the Course for inspection.

27. Defendants did not register the Course with the Department of Public Safety.

28. Defendants did not notify the Colorado Government that it was operating an un-registered, un-inspected elevated obstacle course.

29. Defendants did not notify the Colorado Government that it was operating an un-registered, un-inspected ziplining course.

30. Had Defendants notified the authorities of their operation and had the course inspected, the dangerous defects in their course would have been corrected.

31. Defendants' final platform ("The Platform") for the Course, at the time of Ms. Slagel's injury, is accurately depicted in the following photograph:



32. The Platform depicted above is not in compliance with safe practices and standards.

33. The ladder depicted above is not a safe method of dismount.

34. The size of the platform depicted above is not safe.

35. The braking mechanism for approach to the final platform, as it existed at the time of Ms. Slagel's injury, was not safe.

36. At the time of Ms. Slagel's injury, participants in the Course were intended to, and instructed to, climb down the ladder when finishing the course; their "Safe Roller" Trolley would then slide off the end of the cable, and fall away.

37. The combined design and use of a trolley (which was intended to and did automatically detach at the end of the cable) and a cable which ended more than 12 feet in the air, was dangerous to participants.

38. The line (cable) depicted above should have been secured in a safer manner than it was.

39. The course is one of many activities offered by the Ranch in its advertising, marketing and promotions for the property.

40. On June 28, 2018 Plaintiff was a public invitee of Golden Bell Ranch (hereinafter "the Ranch") for a family reunion.

41. Defendants never informed Ms. Slagel that the Course was un-registered.

42. Defendants never informed Ms. Slagel that the Course had never been inspected by Colorado's regulating government body.

43. Defendants at all times represented that their Course was safe and in all ways above-board.

44. On the same day, June 28, Plaintiff decided to engage in the Course.

45. Plaintiff was at all times while on the Course acting in accord with the recommendations, rules, and guidance that Defendants had given to her.

46. As part of the instruction, the staff member advised Plaintiff that should there be any activities that she was unable to complete that she could use an accompanying "zip line" over to the next obstacle.

47. Participants were permitted to zipline down any section of the obstacle course, with the approval and permission of Defendants.

48. Plaintiff completed all of the obstacles safely until the last.

49. A member of Golden Bell Ranch's staff advised Ms. Slagel that she could zipline down the final section of the Course (depicted in the photograph above).

50. Upon information and belief the line had no braking mechanism or safety device to keep a passenger on the line when they reached the platform.

51. When Plaintiff approached the final "platform" she continued forward past the platform, her trolley detached, and she fell to the ground.

52. After Ms. Slagel fell to the ground, Ranch staff remarked that the injury occurred because the end of the cable was not properly secured.

53. After Ms. Slagel fell to the ground, the Course participants behind her were halted and waited at the preceding platforms.

54. After Ms. Slagel fell, a Ranch employee ran uphill and remarked to the waiting participants "everything's okay, we just need to make some adjustments at the end of the Course."

55. Ms. Slagel incurred hundreds of thousands of dollars in medical bills and now walks with pain and a limp.

56. Ms. Slagel's leg imaging is depicted below:

 









57.   In the 72 hours following Ms. Slagel's fall, Defendants declined to contact the Department of Oil and Public Safety, or to notify any regulating government body of the incident.

58. Defendants knew or should have known that it should report all injuries sustained on the Course to the Department of Oil and Public Safety within 72 hours.

59. Defendants have never taken it upon themselves to report Ms. Slagel's incident and fall to the Department of Oil and Public Safety.

60. From June, 2018, through December, 2018, Defendants concealed Ms. Slagel's injuries and the Course from the governing body -- the Department of Oil and Public Safety.

61. At all times that the Division of Oil and Public Safety was not *notified* of the incident involving Ms. Slagel, the division was similarly unable to arrange an investigation and inspection of the Course.

62. On information and belief, between July 29, 2018, and December 15, 2019, Defendants made changes to the Course (modified the Course).

63. On information and belief, between July 29, 2018, and December 15, 2019, Defendants made changes to the portion of the Course where Ms. Slagel was injuries, in order to make it less dangerous.

64. In the eight months following the incident, Defendants refused to cooperate transparently with ongoing investigations, knowing that the probable consequences of doing so included the fading of witness memories, and witnesses becoming more difficult to locate.

65. In the eight months following the incident, Defendants acted non-transparently with the Department of Oil and Public Safety, and attempted to delay or thwart investigation, among other things by claiming to not be open to the public and claiming that the Course was not a ziplining Course intended for adults.

66. After the Department of Oil and Public Safety began gathering facts related to the Course, and began investigating, Defendant Golden Bell Retreat materially altered its web page, to be more consistent with a claim that the Course was not open to the public.

## COUNT I
## NEGLIGENCE
### (*AS TO THE COLORADO DISTRICT CHURCH OF THE NAZARENE*)

67. Plaintiff incorporates all the preceding paragraphs 1-24 as though re-stated fully incorporated herein.

68. Upon information and belief, Defendants THE COLORADO DISTRICT CHURCH OF THE NAZARENE, d/b/a GOLDEN BELL RETREAT, d/b/a GOLDEN BELL RANCH owned the premises whereon the subject obstacle activity is located.

69. Defendants THE COLORADO DISTRICT CHURCH OF THE NAZARENE, d/b/a GOLDEN BELL RETREAT, d/b/a GOLDEN BELL RANCH invited the public to use the fee-based obstacle activity.

70. Defendants THE COLORADO DISTRICT CHURCH OF THE NAZARENE, d/b/a GOLDEN BELL RETREAT, d/b/a GOLDEN BELL RANCH were responsible for maintenance and repair of the obstacle activity and supervised the employees who were on the course while the public was engaging in the activity.

71. At all times material, Defendants owed a duty to its patrons, including Plaintiff Jodi Slagel, to exercise reasonable care in the design, installation, inspection, and training services for the safe operation of the obstacle activity.

72. DEFENDANTS breached those duties in more of the following ways:

    a. Failing to inspect the obstacle activity;

  b. Failure to register the obstacle with the State of Colorado as required by Colorado Revised Statutes Title 8, Article 20.;

  c. Failing to properly train employees of Golden Bell Ranch or supervise their training;

  d. Failing to apply industry standards to the zipline in questions during inspections;

  e. Failing to implement an appropriate inspection schedule to ensure safe operation of the subject obstacle activity;

  f. Holding the subject obstacle activity out to the general public as safe;

73. As a direct result of the above-described acts and omissions, Plaintiff, Jodi Slagel, fell approximately \_\_\_\_\_ feet following complete collapse of a zipline in the obstacle course and sustained serious, permanent injury.

74. Plaintiff Jodi Slagel sustained pain and suffering, mental anguish, emotional distress, permanent injury, loss of wages, incurred medical expenses and has sustained a loss of the capacity for the enjoyment of life in the past and will incur these losses in the future.

## COUNT II
## PREMISES LIABILITY
### (*AS TO THE COLORADO DISTRICT CHURCH OF THE NAZARENE*)

75. Plaintiff incorporates all the preceding paragraphs 1-12 as though re-stated and fully incorporated herein.

76. Plaintiff was an invitee at all times while on Defendant's premises.

77. Plaintiff was an invitee of Defendant at the time she was injured on the Course.

78. Defendant actually knew that the ending of the Course was dangerous, and that there was a danger on their property, in the time leading up to Ms. Slagel's injury.

Case 1:19-cv-01371-REB-NYW   Document 1   Filed 05/13/19   USDC Colorado   Page 14 of 18

79. Defendants, in the exercise of reasonable care, should have known about a danger on their property, specifically the portion of course where Plaintiff was injured.

80. Defendants failed to use reasonable care to protect against the dangers on the property.

81. Defendants failure to use reasonable care to protect against dangers on the property was the cause of Plaintiff's losses.

### COUNT III
### NEGLIGENCE
### (*AS TO CROSS BEARING ADVENTURES, LLC AND KENT FIELDEN MCLLHANY*)

82. Plaintiff incorporates all the preceding paragraphs 1-32 as though re-stated fully incorporated herein.

83. Upon information and belief, Defendants CROSS BEARING ADVENTURES, LLC and KENT FIELDEN MCLLHANY were, at all times material, a provider of the obstacle activity and design, installation, inspection and training services.

84. Upon information and belief, Defendants CROSS BEARING ADVENTURES, LLC and KENT FIELDEN MCLLHANY were, at all times material and an accredited member of various organizations involved with the challenge course industry including, but not limited to, the Association for Challenge Course Technology.

85. At all times material, Defendants owed a duty to its patrons, including Plaintiff Jodi Slagel, to exercise reasonable care in the design, installation, inspection, and training services for the safe operation of the obstacle activity.

86. DEFENDANTS breached those duties in more of the following ways:

    a. Failing to inspect the obstacle activity;

   b. Failure to register the obstacle with the State of Colorado as required by Colorado Revised Statutes Title 8, Article 20.;

   c. Failing to properly train employees of Golden Bell Ranch or supervise their training;

   d. Failing to apply industry standards to the zipline in questions during inspections;

   e. Failing to implement an appropriate inspection schedule to ensure safe operation of the subject obstacle activity;

   f. Holding the subject obstacle activity out to the general public as safe;

87. As a direct result of the above-described acts and omissions, Jodi Slagel, sustained serious, permanent injury.

88. Plaintiff Jodi Slagel sustained pain and suffering, mental anguish, emotional distress, permanent injury, loss of wages, incurred medical expenses and has sustained a loss of the capacity for the enjoyment of life in the past and will incur these losses in the future.

WHEREFORE, for the reasons set forth herein, Plaintiff demands judgment against Defendants THE COLORADO DISTRICT CHURCH OF THE NAZARENE, d/b/a GOLDEN BELL RETREAT, d/b/a GOLDEN BELL RANCH, CROSS BEARING ADVENTURES, LLC and KENT FIELDEN MCLLHANY for compensatory damages, interests and costs associated with bringing this action.

## COUNT IV
## FRAUDULENT CONCEALMENT
### (*AS TO GOLDEN BELL CAMP*)

89. Plaintiff incorporates all the preceding paragraphs 1-32 as though re-stated fully incorporated herein.

90. When a company enters into the business of elevated amusement courses, hires a reputable zipline builder, attends the periodic conferences or safety meetings, and/or is generally is involved in the ziplining industry, it is fundamental and unavoidable knowledge that an elevated obstacle course and ziplining course must be registered with the appropriate government body, this this case the Colorado Department of Oil and Public Safety.

91. Registration of an elevated Course through D.O.P.S. in Colorado also requires that the Course be inspected and shown to be up to safety specifications.

92. Defendants in fact had knowledge throughout 2018 that its course was not registered with the Department of Oil and Public Safety.

93. Defendant Golden Bell Camp had knowledge at the time, in 2018, that the Course was not registered with D.O.P.S., had not been inspected by D.O.P.S., and that therefore their operation was not a legal operation.

94. Defendant Golden Bell Camp, at all times prior to Ms. Slagel's injury, represented to Ms. Slagel that the Course was safe, and a legal operation.

95. At all times leading up to Ms. Slagel's injuries, Defendant Golden Bell Camp withheld, and did not disclose to Plaintiff, that the Course was unregistered and/or illegal.

96. The fact that an elevated course has not gone through the proper channels to be inspected, certified, or registered, is a Material Fact, which in equity and good conscience should be disclosed to participants.

97. Ms. Slagel was, at all times leading up to and through her injury, unaware of that fact that the Course was an underground, uncertified, unregistered, and/or illegal operation.

98. The facts of the Course's safety and legality was material; if Ms. Slagel had known the course was unsafe, below-board, and illegal, she would not have strapped in and gone down.

99. Defendant Golden Bell declined to disclose the true status of its Course as unregistered and illegal, because disclosure would make participants feel less safe and comfortable, less likely to engage in the Course, and less likely to pay for the Course.

100. Defendant Golden Bell intended that its concealment be acted upon by participants (through their participation in the Course).

101. As a direct result of the above-described acts and omissions, Plaintiff, Jodi Slagel, suffered injuries as complained of herein.

102. Plaintiff Jodi Slagel sustained pain and suffering, mental anguish, emotional distress, permanent injury, loss of wages, impairment to her earning capacity over her lifetime, medical expenses and has sustained a loss of the capacity for the enjoyment of life in the past and will incur these losses in the future.

WHEREFORE, for the reasons set forth herein, Plaintiff demands judgment against Defendants THE COLORADO DISTRICT CHURCH OF THE NAZARENE, d/b/a GOLDEN BELL RETREAT, d/b/a GOLDEN BELL RANCH, CROSS BEARING ADVENTURES, LLC and KENT FIELDEN MCLLHANY for compensatory damages, interests and costs associated with bringing this action.

**PLAINTIFF DEMANDS A TRIAL BY JURY.**

Dated this 13th day of May, 2019.

Respectfully submitted,

METIER LAW FIRM, LLC

By:   /s/ Galen Trine-McMahan
Galen Trine-McMahan, Esq. #47979
4828 S. College Avenue
Fort Collins, CO 80525
Phone: (970) 377-3800

Fax: (970) 225-1476  
galen@metierlaw.com

Plaintiff's Address:  
709 Peoria Street, Apt. A  
Washington, IL 61571